# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### PLAINTIFF'S COMPLAINT

| | |
|---|---|
| THE ANN ARBOR T-SHIRT COMPANY  a Michigan limited liability company  Plaintiff;  v.  LIFEGUARD LICENSING CORP.  a Delaware Corporation  Defendant  POPULARITY PRODUCTS  a Virginia limited liability company  Defendant  _____  Thomas Heed (P66991)  The Heed Law Group PLLC  Attorney for the Plaintiff  39555 Orchard Hill Place, Suite 600  Novi, MI 48375  (248) 465-8655  _____ | Civil Action No.  Hon.: |

## PLAINTIFF'S COMPLAINT

Now comes the Plaintiff, The Ann Arbor T-Shirt Company LLC. ("Ann Arbor T-Shirt"), by and through its undersigned attorney, Thomas P. Heed, and for its Complaint states:

### Parties

1. The Plaintiff, Ann Arbor T-Shirt, is a Michigan limited liability company, with its registered office, and principal place of business, at 2275 S. Industrial Highway, Ann Arbor, MI 48104.

1

2. Upon information and belief, the Defendant, Lifeguard Licensing Corporation ("LLC"), is a Delaware corporation, and has its principal place of business in New York.

3. Upon information and belief, LLC's registered agent in the State of Delaware, according to Delaware's Department of State, Division of Corporations, is Prentice Hall Corporation System Inc., 2711 Centerville Road, Suite 400, Wilmington DE 19808

4. Upon information and belief, the Defendant, Popularity Products ("PP") is a Virginia limited liability company, and has offices in both Virginia and New York.

5. Upon information and belief, PP's registered agent in the Commonwealth, according to the State Corporation Commission of Virginia, is Robert Gutterman, 5544 Greenwich Road, Suite 201, Virginia Beach, VA 23462.

### Nature of Action

6. This is an action for a declaratory judgment under the Declaratory Judgment Act (28 U.S.C. §§ 2201-02).

7. The declaratory judgment sought concerns federal trademark law under the Lanham Act, 15 U.S.C. § 1051 et. seq.

### Jurisdiction

8. Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 28 U.S.C. § 1331 (actions arising under the laws of the United States),

28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to trademarks, *inter alia*).

9. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants, through their sales activities, licensing activities, and threats of litigation and damages, may be found in this District, and a substantial part of the events giving rise to the claims in this action occurred within this District.

**Plaintiff's Statement of Facts for the Current Cause of Action**

10. Ann Arbor T-Shirts is in the business of manufacturing and selling T-shirts and other apparel.

11. Ann Arbor T-Shirts has a large retail presence on Amazon.com, selling graphic, silk-screened and/or embroidered T-shirts, and other apparel.

12. Ann Arbor T-Shirts sells significant merchandise, such as graphic, silk-screened and/or embroidered T-shirts, and other apparel, online, on its own website, www.annarbortees.com.

13. Previously, the term LIFEGUARD has been visibly used on shirts and other clothing items, marketed at beach and coastal areas as a generic or descriptive term for a line of work at the beach or other swimming areas, and to describe an association with those employed in the occupation of lifeguard.

14. Previously, the term LIFEGUARD has been visibly used on shirts and other clothing items, marketed on-line as a generic or descriptive term for a line of work at the beach or other swimming areas, and to describe an association with those employed in the occupation of lifeguard.

15. The etymology of the term LIFEGUARD shows that the word originated in the 1650s as one who guards a person.

16. The etymology of the term LIFEGUARD shows that the word attained its current meaning, that of an expert swimmer paid to watch over bathers, at least as early as 1896.

17. Since at least September 2013, Ann Arbor T-shirts has been selling t-shirts with the term LIFEGUARD visibly printed on the front, to denote the occupation of lifeguard, and not as any type of trademark or brand name.

18. Ann Arbor T-shirts experiences a surge in sales for apparel with the term LIFEGUARD in the spring and in the fall.

19. On information and belief, Ann Arbor T-shirts believes that its sales surge in the spring is substantially caused by individuals who work as lifeguards, those who are responsible for buying apparel for lifeguards, or those wanting to be associated with the occupation of lifeguard.

20. On information and belief, Ann Arbor T-shirts believes that its sales surge in the fall is substantially caused by individuals buying lifeguard costumes for Halloween.

21. Many third parties also use the term LIFEGUARD visibly on clothing and other items sold at beach and coastal areas to describe the name of an occupation, and not as a trademark.

22. Many third parties also use the term LIFEGUARD visibly on clothing and other items sold online to describe the name of an occupation, and not as a trademark.

23. Upon information and belief, LLC operates in interstate commerce and is engaged in licensing the designation LIFEGUARD for use by others.

24. On information and belief, LLC is the putative owner, for international class 25 ("IC025") of the federal trademark registration nos. 355,543 (registered March 22, 1938 for the designation LIFEGUARD used on swim trunks), 562,509 (registered on August 5, 1952 for the designation LIFEGUARD on men's underwear), 2,754,820 (registered on August 26, 2003 for the designation LIFEGUARD, *inter alia*, on T-shirts), and 3,800,325 (registered on June 8, 2010 for the designation LIFEGUARD, *inter alia*, on T-shirts).

25. Upon information and belief, LLC is strictly a licensing company, and does not manufacture any brand-name apparel of its own.

26. Upon information and belief, LLC licenses its LIFEGUARD designations to others to display LIFEGUARD prominently on the front of clothing, as part of its licensing terms or trade dress.

27. The printing of the name of an occupation, such as "lifeguard", on the front of clothing is a manner of use intended to describe an occupation and not promote a brand-name.

28. Upon information and belief, PP is, currently, an exclusive licensee of one or more of LLC's registrations for the designation LIFEGUARD used on T-shirts.

29. PP manufactures and sells T-shirts emblazoned with LIFEGUARD on the front of the shirt.

30. PP was formed November 12, 1999, which was after the filing date for three of the for registration nos. 355,543; 562,509; and 2,754,820.

5

31. On September 25, 2015, Defendant's counsel delivered, through electronic means, a letter ("Letter") charging Ann Arbor T-Shirt with infringement of the Defendant's mark (See Exhibit A).

32. The Letter identified Defendant's counsel as, "Litigation Counsel to Lifeguard Licensing Corp., and Popularity Products, LLC."

33. The Letter threatened Ann Arbor T-shirt with damages of $2,000,000.

34. The Letter demanded an immediate payment of $20,000.

35. The Letter demanded that Ann Arbor T-Shirt quit selling T-shirts with the occupation of lifeguard written on the front.

36. The Letter advised Ann Arbor T-Shirt that the Defendants had filed several successful trademark infringement lawsuits.

### Count I:  LIFEGUARD is a Generic Mark

37. The Plaintiff incorporates, repeats and re-alleges the allegations set forth in all of the preceding paragraphs.

38. PP and LLC use the designation LIFEGUARD on the front of apparel, for the purposes of suggesting to the public that the apparel is associated with the occupation of lifeguard.

39. The above said license and marketing uses of the designation LIFEGUARD, by PP and LLC, do not create ownership of trademark rights in the designation LIFEGUARD by the Defendants, because such uses are generic, descriptive, fair, and ornamental uses; and are not trademark uses.

40. Under the Lanham Act, the test for whether or not a term has become generic is stated succinctly: "[t]he primary significance of the registered mark to the relevant public rather than purchaser motivation shall be the test for determining whether the registered mark has become the generic name of goods or services on or in connection with which it has been used" 15 U.S.C. §1064(c).

41. The relevant public associates Defendant's LIFEGUARD designation with the occupation of lifeguard, rather than possessing any brand meaning, whatsoever.

42. Plaintiff asks the Court to find Defendant's registrations to be generic, and therefore cancellable, based on Defendant's improper use of the mark, and the public's association of the mark with the occupation of lifeguard, rather than with the brand LIFEGUARD.

## Count II:  Fair or Descriptive Use Defense

43. The Plaintiff incorporates, repeats and re-alleges the allegations set forth in all of the preceding paragraphs.

44. The uses of the designation by the Plaintiff are other than as a mark or brand name.

45. The uses of the designation by the Plaintiff are descriptive or fair use, as they are intended to convey the person wearing the apparel is a lifeguard, or is play-acting as a lifeguard.

46. The Plaintiff asks the Court to find the uses of the designation LIFEGUARD by the Plaintiff are not infringement, and are subject to the defenses enumerated in 15 U.S.C. §1115(b)(4).

### Count III:  Functional Use Defense

47. The Plaintiff incorporates, repeats and re-alleges the allegations set forth in all of the preceding paragraphs.

48. Putting an occupation on the front of a t-shirt is a functional design.

49. Defendant's LLC and PP use of a functional design do not create ownership of trademark rights in the designation LIFEGUARD by the Defendants, because such a use is a functional use.

50. The uses of the designation by the Plaintiff are functional in nature, as they are intended to convey the person wearing the apparel is a lifeguard, or is play-acting as a lifeguard, because the occupation is written on the front of the T-shirt.

51. The Plaintiff asks the Court to find the uses of the designation LIFEGUARD by the Plaintiff are not infringement, and are subject to the defenses enumerated in 15 U.S.C. §1115(b)(8).

WHEREFORE, the Plaintiff respectfully requests that this Court declare and enter a judgment that:

A. Defendant's use of the designation LIFEGUARD is generic, and as result, cancellable;

B. Plaintiff's use of the designation LIFEGUARD is a descriptive or fair use under 15 U.S.C. §1115(b)(4);

8

C. Plaintiff's use of the designation LIFEGUARD is a functional use under 15 U.S.C. §1115(b)(8);

D. Plaintiff's use of the designation LIFEGUARD does not violate any of the Defendants' rights under the trademark laws of the United States, or any other laws.

E. Plaintiff has the right to manufacture, market and sell apparel with the LIFEGUARD designation, to describe the occupation of lifeguard, free from interference or threats by the Defendants, their attorneys, officers, agents, heirs, and assigns.

The Plaintiff, Ann Arbor T-Shirt Company, by and through its attorney, Thomas P. Heed, prays for the forgoing relief and judgment, which meets any jurisdictional requirements, and whatever other remedies as may be deemed appropriate by the Court.

Dated: October 16, 2015               By: /s/Thomas Heed
                                      Thomas P. Heed (P66991)
                                      Heed Law Group PLLC
                                      39555 Orchard Hill Place, Suite 600
                                      Novi, Michigan 48375
                                      (248)465-8655
                                      theed@heedlawgroup.com